Janice G. Dubler, Esq. (I.D. #020801995)
Brian R. Ellixson, Esq. (I.D. #13172014)
**OGLETREE, DEAKINS, NASH,**
**SMOAK & STEWART, P.C.**
923 Haddonfield Road, Suite 300
Cherry Hill, NJ 08002
(856) 324-8200
janice.dubler@ogletree.com
brian.ellixson@ogletree.com

Joshua W. B. Richards (I.D. # 266982019)
Matthew J. Smith (I.D. # 017772012)
**SAUL EWING ARNSTEIN & LEHR LLP**
1500 Market Street, Centre Square West, 38th Floor
Philadelphia, PA 19102
(215) 972-7777
joshua.richards@saul.com
matthew.smith@saul.com
*Attorneys for Defendant Finish Line, Inc.*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| D.A., | : |
| | : Civ. Action No. _____ |
| Plaintiff, | : |
| | : |
| v. | : |
| | : **NOTICE OF REMOVAL** |
| | : **& LOCAL CIVIL RULE 11.2** |
| FINISH LINE, INC, | : **CERTIFICATION** |
| XYZ BUSINESS ENTITIES 1-10, and | : |
| JOHN DOES 1-10, | : |
| | : |
| Defendants. | : |

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Finish Line, Inc. ("Finish Line"), by and through its counsel, hereby notices the removal of this action from the Superior Court of New Jersey, Gloucester County, to the United States District Court for the District of New Jersey. In support of this Notice, Finish Line states as follows:

## I.     TIMELINESS OF REMOVAL

1.     On August 2, 2021, Plaintiff D.A.[1], an individual who resides in Brooklyn, New York, commenced a civil action against Finish Line, whose principal place of business is located at 3308 N. Mitthoeffer Rd, Indianapolis, IN 46235, and fictitiously named corporations and individuals in the Superior Court of New Jersey, Gloucester County, entitled *D.A. v. Finish Line, Inc., XYZ Business Entities 1-10, and John Does 1-10*, Docket No.: GLO-L-000916-21 (the "State Court Action"), in which Plaintiff alleges violations of the New Jersey Law Against Discrimination ("LAD"), negligence, and negligent infliction of emotional distress.  The Complaint and Case Information Statement in the State Court Action is attached as **Exhibit A**.

2.     On August 4, 2021, Plaintiff served Finish Line with copies of the Summons, Complaint, and Case Information Statement.  A copy of the docket and proof of service with the Summons in the State Court Action are attached as **Exhibit B**.

3.     No other process, pleading, order has been filed in the State Court Action as of the date of this filing of Notice of Removal.

4.     Accordingly, Finish Line's time to file a Notice of Removal began to run on August 4, 2021.  *See Murphy Bros v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999) (time to file Notice of Removal triggered by formal service of the Summons and Complaint*)*; *Michalak v. ServPro Industries, Inc.*, 2018 WL 3122327, *4 (D.N.J. June 26, 2018) ("removal period for a defendant does not begin to run until that defendant is properly served").

5.     Finish Line's removal of this action is timely pursuant to 28 U.S.C. § 1446(b), which requires that a defendant's Notice of Removal be filed within 30 days after proper service

---

[1] In the Complaint, Plaintiff alleges that he was sexually abused as a minor and therefore used initials to protect his identity.  **Exhibit A** at ¶ 1.  Plaintiff does not provide his full address in his Complaint, and therefore Finish Line is unable to include that information in this paragraph pursuant to Local Rule 10.1.

of the Summons and Complaint upon such defendant.

## II. VENUE

6. The Superior Court of New Jersey, Gloucester County, is located within the District of New Jersey. 28 U.S.C. § 110. Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## III. BASIS FOR REMOVAL

7. This action is properly removable under 28 U.S.C. § 1441(b) because this Court has original jurisdiction in this case under 28 U.S.C. § 1332(a), which provides, in relevant part, that the district courts shall have original jurisdiction in all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

8. The amount in controversy in this action exceeds the sum or value of $75,000, exclusive of interest and costs, and the matter in controversy is between citizens of different states. This was true at the time the Complaint was filed and remains true at the time this Notice of Removal was filed.

### A. Amount in Controversy

9. Here, Plaintiff seeks to recover damages for, amongst other claims, violations of the New Jersey Law Against Discrimination. According to the Complaint, Plaintiff seeks to recover, amongst other things, back pay, front pay, compensatory damages, punitive damages, and attorneys' fees. *See* **Exhibit A**.

10. As for his alleged lost wage damages (back pay and front pay), Plaintiff claims that he was constructively terminated in April 2005. *See* **Exhibit A** at ¶¶ 51, 59. *See Sussman v. Capital One, N.A.*, 2014 WL 5437079, at *4 (D.N.J. Oct. 24, 2014) ("The relevant time period for

calculating an award of back pay begins with the date of the alleged wrongful termination and ends at the time of trial. Similarly, when calculating the front pay award, the jury must consider the expected future damages caused by a defendant's wrongful conduct from the date of judgment to retirement.") (citation omitted).

11. Plaintiff's claim for punitive damages is also a factor in calculating whether the amount in controversy exceeds $75,000. *Quinones-Velazquez v. Maroulis*, 677 F. App'x 801, 804 (3d Cir. 2017), as amended (Feb. 8, 2017) (citing *Packard v. Provident Nat. Bank*, 994 F.2d 1039, 1046 (3d Cir. 1993) (citing *Bell v. Preferred Life Assur. Soc'y*, 320 U.S. 238, 240 (1943)) ("When both actual and punitive damages are recoverable, punitive damages are properly considered in determining whether the jurisdictional amount has been satisfied."); *Granovsky v. Pfizer, Inc.*, 631 F. Supp. 2d 554, 565 (D.N.J. 2009) ("The satisfaction of the amount in controversy requirement is even more likely when taking into account punitive damages sought by plaintiff.").

12. In addition, Plaintiff seeks attorneys' fees. Under the LAD, a successful plaintiff is also entitled to recover reasonable attorneys' fees, which should be considered when calculating the potential amount in controversy. *Suber v. Chrysler Corp.*, 104 F.3d 578, 585 (3d Cir. 1997); *See Uddin v. Sears, Roebuck & Co.*, 2014 WL 316988, at *5 (D.N.J. Jan. 27, 2014); *Entrekin v. Fisher Scientific Inc.*, 146 F. Supp. 2d 594, 618 (D.N.J. 2001) (attorneys' fees are included in the amount in controversy calculations when they are available under a statute).

13. Although Finish Line denies that it caused Plaintiff to suffer any damages, based on the allegations of the Complaint, the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. *See Curro v. HD Supply, Inc.*, 2020 WL 3496955, *4 (D.N.J. June 29, 2020) (amount in controversy met by plaintiff simply alleging she was seeking "front pay and back pay, as well as other compensation and benefits, emotional distress damages,

attorneys' fees . . . and punitive damages").

14. Moreover, where, as is the case here, a complaint is silent on the amount in controversy, removal is proper unless it is a **legal certainty** that the plaintiff cannot recover the jurisdictional amount of $75,000. *See Frederico v. Home Depot*, 507 F.3d 188, 197 (3d Cir. 2007).

### B. Diversity of Citizenship

15. According to the Complaint, Plaintiff D.A. is a citizen of the State of New York. *See* **Exhibit A** at ¶ 1.

16. For corporate defendants, a corporation shall be deemed to be a citizen of every State and foreign state in which it has been incorporated and of the State or foreign state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation has its principal place of business where its high level officers direct, control, and coordinate the corporation's activities, *i.e.*, its "nerve center," which will typically be found at its corporate headquarters. *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010).

17. Finish Line's corporate headquarters and principal place of business are located in Indiana. Finish Line also incorporated under the laws of Indiana. Therefore, Finish Line is a citizen of the State of Indiana for the purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1).

18. Finally, fictitiously named defendants are disregarded for the purposes of determining jurisdiction. 28 U.S.C. § 1441(b)(1).

19. Because Plaintiff and Defendant are citizens of different states, there is complete diversity for purposes of jurisdiction conferred by 28 U.S.C. § 1332(a).

### IV. CONSENT OF ALL DEFENDANTS

20. No other actual parties have been named as defendants to this lawsuit.

21. Accordingly, consent for removal from any other party is not required.

## V.      CONCLUSION

22.     Finish Line has not previously sought similar relief.

23.     Finish Line has not filed a responsive pleading in Plaintiff's State Court Action, and no proceedings have transpired in that action.

24.     Pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal have this day been served by overnight mail and e-mail upon Plaintiff's counsel, and will be promptly filed with the Clerk of the Superior Court of New Jersey and the Clerk of the Superior Court of Gloucester County, New Jersey.

25.     By removing this matter, Finish Line does not waive or intend to waive any defenses.

**WHEREFORE**, Defendant Finish Line, Inc. respectfully requests that this Honorable Court take jurisdiction of this action and issue all necessary orders and process to remove said action from the Superior Court of New Jersey, Gloucester County, to the United States District Court for the District of New Jersey.

Respectfully submitted,

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

/s/ *Janice G. Dubler*
Janice G. Dubler, Esq. (NJ Attorney I.D. #020801995)
Brian R. Ellixson, Esq. (NJ Attorney I.D. #13172014)
923 Haddonfield Road, Suite 300
Cherry Hill, NJ 08002
Tel: (856) 324-8200
janice.dubler@ogletree.com
brian.ellixson@ogletree.com

**SAUL EWING ARNSTEIN & LEHR LLP**

/s/ *Matthew J. Smith*
Joshua W. B. Richards (NJ Attorney I.D. #266982019)
Matthew J. Smith (NJ Attorney I.D. #017772012)
1500 Market Street
Centre Square West, 38th Floor
Philadelphia, PA 19102
Tel: (215) 972-7777
joshua.richards@saul.com
matthew.smith@saul.com

*Attorneys for Defendant Finish Line, Inc.*

Dated: September 2, 2021

## LOCAL CIVIL RULE 11.2 STATEMENT

Pursuant to Local Rule 11.2, the undersigned counsel, on behalf of Defendant Finish Line, Inc., certifies that the matter in controversy in the above referenced matter is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

/s/ *Janice G. Dubler, Esq.*
Janice G. Dubler, Esq. (I.D. #020801995)
Brian R. Ellixson, Esq. (I.D. #13172014)
923 Haddonfield Road, Suite 300
Cherry Hill, NJ 08002
Tel: (856) 324-8200
janice.dubler@ogletree.com
brian.ellixson@ogletree.com

**SAUL EWING ARNSTEIN & LEHR LLP**

/s/ *Matthew J. Smith*
Joshua W. B. Richards (I.D. #266982019)
Matthew J. Smith (I.D. #017772012)
1500 Market Street
Centre Square West, 38th Floor
Philadelphia, PA 19102
Tel: (215) 972-7777
joshua.richards@saul.com
matthew.smith@saul.com

*Attorneys for Defendant Finish Line, Inc.*

Dated: September 2, 2021

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I caused to be filed, via electronic filing, the foregoing Notice of Removal along with a Civil Cover Sheet, and caused a copy to be served via overnight mail and e-mail on the following:

WILENTZ, GOLDMAN & SPITZER, P.A.<br>
Christopher J. Keating, Esq.<br>
Attorney ID #: 120472014<br>
125 Half Mile Road, Ste. 100<br>
Red Bank, NJ 07701<br>
Tel. 732-855-6061<br>
Fax 732-726-4861<br>
Attorneys for Plaintiff

Dated: September 2, 2021

**SAUL EWING ARNSTEIN & LEHR LLP**

/s/ *Matthew J. Smith*
Joshua W. B. Richards (I.D. #266982019)
Matthew J. Smith (I.D. #017772012)
1500 Market Street
Centre Square West, 38th Floor
Philadelphia, PA 19102
Tel: (215) 972-7777
joshua.richards@saul.com
matthew.smith@saul.com

*Attorneys for Defendant Finish Line, Inc.*