# EXHIBIT A

# WILENTZ, GOLDMAN & SPITZER, P.A.
Christopher J. Keating, Esq.
Attorney ID #: 120472014
125 Half Mile Road, Ste. 100
Red Bank, NJ  07701
Tel. 732-855-6061
Fax 732-726-4861
*Attorneys for Plaintiff*

| | |
|---|---|
| D.A., <br><br> Plaintiff, <br><br> vs. <br><br> FINISH LINE, INC., <br> XYZ BUSINESS ENTITIES 1-10, and <br> JOHN DOES 1-10, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY <br> LAW DIVISION – GLOUCESTER COUNTY <br><br> Docket No.: <br><br> CIVIL ACTION <br><br> **COMPLAINT,** <br> **DEMAND FOR JURY TRIAL,** <br> **DEMANDS FOR DISCOVERY, AND** <br> **REQUESTS FOR ADMISSIONS** |

Plaintiff, D.A., by and through his attorneys, Wilentz, Goldman & Spitzer, P.A., by way of Complaint against Defendants, FINISH LINE, INC., XYZ BUSINESS ENTITIES 1-10, and JOHN DOES 1-10, says:

1. The allegations contained in this Complaint occurred when the Plaintiff was a minor. Pursuant to N.J.S.A. 2A:61B-1, when allegations of sexual abuse concern a minor child, the identity of the minor remains confidential. Therefore, initials are being used to protect Plaintiff's privacy.

## FACTUAL BACKGROUND

### The Parties

2. Plaintiff is now a 34 year old male who resides in Brooklyn, New York.

3. Defendant FINISH LINE, INC. is a corporation headquartered in Indianapolis, Indiana, and is registered to do business in the State of New Jersey.

1

4. Defendant FINISH LINE, INC. owns and operates retail stores throughout the country, including multiple locations in the State of New Jersey, which sell footwear and apparel.

5. Defendants ABC Corporations (1-10) are as yet unidentified partnerships, corporations, or other entities, which may have negligently, grossly negligently, carelessly, wantonly and willfully, intentionally and/or otherwise caused, allowed, and/or condoned any or all of the wrongful acts described to have occurred hereinafter. Such defendants may be liable to Plaintiff either directly or under vicarious liability, agency, or *respondeat superior* principles.

6. At all times mentioned in this Complaint, Defendants John Does (1-10) are as yet unidentified individuals, who may have negligently, grossly negligently, carelessly, wantonly and willfully, intentionally, and/or otherwise caused, allowed, and/or condoned any or all of the wrongful acts described to have occurred hereinafter. Such defendants may be liable to Plaintiff either directly or under vicarious liability, agency, or *respondeat superior* principles.

## The Abuse

7. In June of 2003, Plaintiff entered a retail store owned by Defendant FINISH LINE, INC., located in the Deptford Mall in Deptford, New Jersey (hereinafter referred to as the "Deptford Mall Finish Line store").

8. On or about that date, Plaintiff was only 16 years old.

9. While inside the Deptford Mall Finish Line store, Plaintiff was approached by a man named David, who was in his 20's.

10. David was an employee of Defendant FINISH LINE, INC. and an Assistant Store Manager and/or Supervisor at the Deptford Mall Finish Line store ("Assistant Manager").

11. The Assistant Manager and Plaintiff had never met prior to that date.

12. The Assistant Manager informed Plaintiff that there was an employment opportunity for Plaintiff at the Deptford Mall Finish Line store.

13. The Assistant Manager provided Plaintiff with an employment application, which Plaintiff completed with all necessary information, including his date of birth, and returned to the Assistant Manager.

14. The Assistant Manager then conducted an "interview" of Plaintiff at the Deptford Mall food court.

15. Soon after the interview, the Assistant Manager called Plaintiff and offered him a job at the Deptford Mall Finish Line store.

16. Plaintiff accepted the offer of employment.

17. In June of 2003, Plaintiff began working for Defendant FINISH LINE, INC. in the Deptford Mall Finish Line store.

18. From the moment the Assistant Manager first approached Plaintiff, the Assistant Manager engaged in flirtatious behavior with Plaintiff, most of which occurred inside of the Deptford Mall Finish Line store.

19. The Assistant Manager used his supervisory position with Defendant FINISH LINE, INC. to engage in predatory grooming of Plaintiff.

20. The Assistant Manager and Plaintiff exchanged phone numbers and the Assistant Manager would call Plaintiff and send him text messages outside of work hours.

21. The Assistant Manager invested significant time into gaining Plaintiff's trust.

22. The Assistant Manager determined the work schedule for the Deptford Mall Finish Line store.

23. Plaintiff commonly worked afternoon and evening shifts outside of school hours at the Deptford Mall Finish Line store under the direct supervision of the Assistant Manager.

24. For afternoon and evening shifts, Plaintiff recalls three employees of Defendant FINISH LINE, INC. being on duty at any given time in the Deptford Mall Finish Line store, with two of those three often being himself and the Assistant Manager.

25. After only a few weeks of employment, the Assistant Manager began sending the third employee home around closing time, but before all closing procedures were completed.

26. The Assistant Manager would then ask the Plaintiff to join him in the men's stock room and/or the manager's office next to the men's stock room.

27. On the first few occasions in those rooms, the Assistant Manager kissed Plaintiff, a minor, on his mouth and on various parts of his body.

28. After a few of the encounters described above, the Assistant Manager escalated the sexual contact by having Plaintiff, a minor, perform oral sex on him on multiple occasions.

29. **Plaintiff legally could not consent to engage in sexual contact with the Assistant Manager because of Plaintiff's age.**

30. The above-described encounters constituted sexual abuse, as defined by N.J.S.A. 2A:61B-1.

31. Prior to meeting the Assistant Manager, Plaintiff had never engaged in sexual intercourse with another man.

32. On one occasion, in August of 2003, the Assistant Manager removed Plaintiff's pants and began performing analingus on Plaintiff. The Assistant Manager then attempted to engage in anal sex with Plaintiff, which Plaintiff clearly and unambiguously objected to.

33. Contrary to Plaintiff's explicit objections, the Assistant Manager pinned Plaintiff to a wall and forcibly penetrated and raped Plaintiff as Plaintiff struggled to break free, during which Plaintiff experienced terrible and unimaginable physical pain, fear, anxiety, and emotional distress.

4

34. The Assistant Manager continued to rape Plaintiff until he ejaculated inside of Plaintiff without a condom.

35. After ejaculating, the Assistant Manager apologized and begged Plaintiff not to tell anyone about the rape.

36. Plaintiff put his pants back on and exited the store.

37. The forcible rape also constituted sexual abuse, as defined by N.J.S.A. 2A:61B-1.

38. After the rape occurred, Plaintiff's mother picked Plaintiff up outside the Deptford Mall and drove him home.

39. Once home, Plaintiff cried in his shower as he stood under the water experiencing terrible physical pain and soreness and emotional and mental devastation.

40. That night and the next morning, Plaintiff noticed a mixture of semen and blood exiting his body, causing Plaintiff additional pain, fear, and anxiety that he may have contracted a sexually transmitted disease.

41. During and after the time period in which the sexual abuse occurred, Plaintiff was not open about his sexual orientation.

42. Plaintiff could not discuss the sexual abuse he endured with his family and friends, as he feared they would learn of his sexual orientation and reject him because of it.

43. Instead, he was forced to cry alone at night thinking of the pedophile Assistant Manager who gained and betrayed his trust inside of the Deptford Mall Finish Line store.

44. Plaintiff only saw the Assistant Manager on one or two occasions after the date of the rape.

45. Upon information and belief, the Assistant Manager was transferred to another Finish Line store soon after the date on which he raped Plaintiff.

46. Plaintiff attempted to maintain his employment at the Deptford Mall Finish Line store after the rape in order to maintain the much needed source of income.

47. Plaintiff requested a transfer to the women's department in order to avoid passing and/or entering the men's stock room in which the rape occurred.

48. Plaintiff quit his job with Defendant FINISH LINE, INC. in or around April of 2004.

49. Plaintiff quit because of the emotional trauma he continued to experience and relive each day he showed up for work at the Deptford Mall Finish Line store.

50. In August of 2004, Plaintiff resumed his employment with the Deptford Mall Finish Line store because of a need for income.

51. Plaintiff once again quit in February of 2005 because of the emotional trauma resulting from the sexual abuse which was triggered by his presence in the Deptford Mall Finish Line store.

52. During his college years, Plaintiff disclosed the sexual abuse to his mental health provider and has continued to the present date to receive treatment for the emotional and mental pain, anguish, and suffering caused by the sexual abuse.

53. Nearly 20 years later, the sexual abuse committed by Defendant FINISH LINE, INC.'s Assistant Manager continues to impact Plaintiff's ability to become intimate with others, to trust and feel safe around others, and to maintain relationships with intimate partners, and Plaintiff is triggered by aggressive physical behavior by others and when he receives ultimatums which make him feel powerless.

54. Plaintiff is forced to live with his memories of the sexual abuse every day of his life.

## FIRST COUNT
## Violation of the New Jersey Law Against Discrimination
### (Sexual Harassment)

55. Plaintiff repeats and realleges the previous allegations and paragraphs of the Complaint as if more fully set forth herein.

56. At all times relevant to this action, Defendant FINISH LINE, INC. is a person and an employer within the terms of the New Jersey Law Against Discrimination, N.J.S.A. § 10:5-1 et seq. ("LAD").

57. At all times relevant to the action, Defendant FINISH LINE, INC. employed its Assistant Manager in a supervisory capacity.

58. At all times relevant to the action, Plaintiff was a person under the LAD.

59. The conduct of Defendant FINISH LINE, INC.'s Assistant Manager was unwelcome and constituted sexual abuse under New Jersey law, and it was so intolerable that a reasonable person would be forced to resign rather than continue to endure it.

60. The conduct of Defendant FINISH LINE, INC.'s Assistant Manager caused Plaintiff's constructive discharge.

61. At all times relevant to the action, Defendant FINISH LINE, INC.'s Assistant Manager had supervisory authority over Plaintiff.

62. Defendant FINISH LINE, INC.'s Assistant Manager treated Plaintiff differently based on his sex.

63. The sexually hostile conduct and sexual abuse complained of by Plaintiff was severe or pervasive.

64. Defendant FINISH LINE, INC.'s Assistant Manager's conduct would cause a reasonable person in Plaintiff's circumstances to believe that the environment was hostile or abusive.

7

65. By and through the above actions, Defendant sexually harassed and sexually abused Plaintiff and created a sexually hostile environment in violation of the LAD.

66. Defendant FINISH LINE, INC. knew or should have known of the Assistant Manager's conduct and the sexually hostile environment existing at the Deptford Mall Finish Line store.

67. Defendant FINISH LINE, INC. failed to prevent its Assistant Manager's conduct.

68. Defendant FINISH LINE, INC. failed to have effective mechanisms in place to prevent, monitor, investigate, and remediate sexual harassment and abuse in the workplace.

69. Defendant FINISH LINE, INC. failed to have effective mechanisms in place to train its management-level employees on improper conduct with subordinate employees, especially those under the age of 18.

70. Defendant FINISH LINE, INC. failed to have effective mechanisms in place to prevent, monitor, investigate, and remediate sexual involvement by adult employees with employees under the age of 18 in the workplace.

71. Defendant is liable for its own negligence and affirmative acts.

72. Defendant is liable for the actions of its Assistant Manager under the doctrine of respondeat superior.

73. Defendant is vicariously liable and/or liable under agency principles for the conduct of its Assistant Manager.

74. Defendant is liable for punitive damages based on the participation and/or willful indifference of upper management at the Deptford Mall Finish Line store and the egregiousness of the unlawful acts against Plaintiff.

75. As a direct and proximate result of these and other wrongful acts and omissions of Defendants, Plaintiff was caused to suffer severe, painful, and permanent bodily and emotional

injuries; pain and suffering; diminished childhood; loss of enjoyment of life; and substantial economic losses and medical bills; and will continue to incur such injuries and/or damages into the future.

**WHEREFORE**, Plaintiff demands judgment against all defendants, jointly and severally, and seeks the following relief:

A. Compensatory damages, including, but not limited to, damages for economic losses, back pay, front pay, damage to career and earning capacity, physical injury, emotional distress, psychological injury, pain and suffering, and humiliation;

B. Punitive damages;

C. Attorneys' fees, contingency fee enhancement, pre-judgment interest, post-judgment interest, and costs and expenses of suit;

D. An award to reflect negative tax consequences of a lump sum jury award;

E. Injunctive relief, including, but not limited to, a permanent injunction ordering defendants to adopt and comply with effective policies, procedures, monitoring, and training programs for the prevention and remediation of sexual harassment; and

F. Such other relief as the Court may deem equitable and just.

## SECOND COUNT
### (Negligence)

76. Plaintiff repeats and realleges the previous allegations and paragraphs of the Complaint as if more fully set forth herein.

77. The previously-described acts and/or omissions of Defendant FINISH LINE, INC. were negligent, careless, and/or reckless, and directly resulted in the sexual abuse of Plaintiff by its Assistant Manager.

9

78. In addition, Defendant FINISH LINE, INC. was negligent in its hiring and failure to manage, train, and/or supervise its agents, servants, employees, and/or contractors, as a result of which Defendant FINISH LINE, INC.'s Assistant Manager was able to sexually abuse Plaintiff over the course of months inside of the Deptford Mall Finish Line store.

79. As a direct and proximate result of these and other wrongful acts and omissions of Defendant FINISH LINE, INC., Plaintiff was caused to suffer severe, painful, and permanent bodily and emotional injuries; pain and suffering; diminished childhood; loss of enjoyment of life; and substantial economic losses and medical bills; and will continue to incur such injuries and/or damages into the future.

**WHEREFORE,** Plaintiff demands judgment against all defendants for compensatory damages and punitive damages together with interest, costs of suit, and such further relief as the Court may deem appropriate.

### THIRD COUNT
**(Negligent Infliction of Emotional Distress)**

80. Plaintiff repeats and realleges the previous allegations and paragraphs of the Complaint as if more fully set forth herein.

81. As a result of the wrongful conduct of Defendant FINISH LINE, INC., Defendant FINISH LINE, INC. negligently inflicted emotional distress upon Plaintiff.

82. As a direct and proximate result of these and other wrongful acts and omissions of Defendants, Plaintiff was caused to suffer severe, painful, and permanent bodily and emotional injuries; pain and suffering; diminished childhood; loss of enjoyment of life; and substantial economic losses and medical bills; and will continue to incur such injuries and/or damages into the future.

**WHEREFORE,** Plaintiff demands judgment against all defendants for compensatory damages and punitive damages together with interest, costs of suit, and such further relief as the Court may deem appropriate.

## JURY DEMAND

Pursuant to R. 4:35-1, Plaintiffs demand a trial by jury for all issues so triable.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, CHRISTOPHER J. KEATING, ESQ. is hereby designated as trial counsel.

## DEMAND FOR PRODUCTION OF INSURANCE AGREEMENTS

Pursuant to R. 4:10-2(b), demand is hereby made that you disclose to the undersigned whether there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy all or part of a judgment which may be entered in the action or to indemnify or reimburse for payment made to satisfy the judgment.

If yes, please attach a copy of each and state under oath and certification the following: (a) name and address of insurer; (b) policy number; (c) nature of coverage; (d) start and end dates of coverage period; (e) names and addresses of all persons insured thereunder; (f) all applicable coverage limits; and, (g) coverage exclusions relating in any way to any categories of recovery sought in this action.

## REQUESTS FOR ADMISSIONS

**PLEASE TAKE NOTICE** that, pursuant to R. 4:22-1, Plaintiff hereby requests that Defendant provides certified responses to the law office of Wilentz, Goldman & Spitzer, P.A., 125 Half Mile Road, Suite 100, Red Bank, New Jersey 07701, within thirty (30) days from the date hereof, to these requests for admissions.

1. Defendant FINISH LINE, INC. employed Plaintiff for at least one day in 2003.

    _____ Admit _____ Deny

2. Defendant FINISH LINE, INC. employed an individual named David at its Deptford Mall Finish Line store for at least one day in 2003.

    _____ Admit _____ Deny

## CERTIFICATION PURSUANT TO R. 4:5-1

The undersigned, CHRISTOPHER J. KEATING, ESQ., certifies on behalf of Plaintiff as follows:

1. I am an attorney admitted to practice law in the State of New Jersey and am a member of the law firm Wilentz, Goldman & Spitzer, P.A., attorneys for the above-named Plaintiff in the subject action.

2. I am aware of no other action involving the same facts contained herein.

3. There are no other parties who should be joined in this action that I am aware of at the present time.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

**Wilentz, Goldman & Spitzer, P.A.**
*Attorneys for Plaintiff*

*/s/ Christopher J. Keating*
CHRISTOPHER J. KEATING, ESQ.
For the Firm

Dated:  August 2, 2021

# Civil Case Information Statement

**Case Details: GLOUCESTER | Civil Part Docket# L-000916-21**

**Case Caption:** A. D.  VS FINISH LINE, INC.
**Case Initiation Date:** 08/02/2021
**Attorney Name:** CHRISTOPHER J KEATING
**Firm Name:** WILENTZ GOLDMAN & SPITZER
**Address:** 90 WOODBRIDGE CENTER DR STE 900 PO BOX 10
WOODBRIDGE NJ 070950958
**Phone:** 7326368000
**Name of Party:** PLAINTIFF : A., D.
**Name of Defendant's Primary Insurance Company**
(if known): Unknown

**Case Type:** LAW AGAINST DISCRIMINATION (LAD) CASES
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: D. A.?** YES
**Plaintiff's date of birth:** ▮▮▮▮▮▮▮
**Est. date of first incident of abuse:** 06/30/2003

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
**CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION**

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Employer/Employee

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**
Plaintiff requests that this Complaint and the docket be kept under seal, in accordance with N.J.S.A. 2A:61B-1(f). A separate Order will be uploaded contemporaneous with this filing.

**Do you or your client need any disability accommodations?** NO
   **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
   **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

08/02/2021                                                                           /s/ CHRISTOPHER J KEATING
Dated                                                                                                              Signed